SUSANNAH E. BERRY *vs.* JESSE HART AND ANOTHER, EXECUTORS.

Executors who purchased, at their own sale, slaves of their testator's estate, cannot, in accounting to a legatee, set up as a defence, under Art. 4, Sec. 34, of the Constitution, that their liability arises from the purchase of slaves.

The obligation of an executor to account to a legatee springs out of the relation of the parties, and a purchase by the former, from himself, of the chattels of the estate, does not convert the obligation into one arising from the contract of sale.

BEFORE JOHNSON, CH., AT EDGEFIELD, AUGUST, 1868.

Jesse Hart, the testator in the cause, died in 1855, leaving a will, by which he appointed the defendants executors thereof, and bequeathed to the plaintiff, his grand daughter, a certain share of his estate, to be paid to her at the age of twenty-one—she being a minor at the time. The personal estate, consisting chiefly of slaves, was sold by the defendants, and they became the purchasers, at the sale, of several of the slaves. The bill in this case, which was filed in April, 1867, prayed an account of plaintiff's share of the estate, and at June Term, 1867, an order to account, reserving the equities, was made. At the reference before the Commissioner, defendants contended that they could not lawfully be charged with their pur-

chases of slaves; but the Commissioner held otherwise, and stated an account in which they were charged with the sums at which they had bid off the slaves—the foot of the account showing a balance due by the defendants to the plaintiff of $955.43. Exceptions were taken by the defendants to the report, and at an extra term of the Court, in August, 1868, the report and exceptions came before His Honor Chancellor Johnson, who overruled the exceptions, and decreed for the plaintiff the full amount reported to be due to her by the defendants.

The defendants appealed, and now moved this Court to modify the decree, on the ground that so much of plaintiff's claim as was based upon the defendants' purchases of slaves had been made void by the provision of the Constitution declaring all contracts, the consideration of which was the purchase of slaves, to be null and void.

*Wright*, for appellants.

*Adams*, contra.

May 8, 1869.   The opinion of the Court was delivered by

WILLARD, A. J.   On an accounting between the complainant, a legatee under the will of her grandfather, Jesse Hart, and the defendants, executors under said will, it was claimed by the executors that they should be allowed, as a credit, the value of certain slaves belonging to the testator's estate purchased by the executors, and which, having become emancipated in the hands of the executors, they claim that they are not liable to account for the purchase money of said slaves by reason of the act of emancipation.   The ground upon which the executors seek to place themselves is, that, in charging them in the present accounting, it is, in effect, attempting to enforce a contract the consideration of which is the purchase of slaves, (Const., Art. 4.)   The Chancellor decreed an accounting on a principle of charging the executors with the purchase money of the negroes, and the defendants have appealed from such decree.

It is to be presumed that the slaves were sold for cash, and that immediately thereupon the executors charged themselves, in account, with the purchase money, giving the estate a corresponding credit. Assuming that they could rightfully become purchasers at the sale of the testator's estate, and this is what they ought to have done, and equity holds it as done, the complainant is not compelled to resort to the contract for the sale of the negroes to obtain her rights by its enforcement.   That contract was between the executors, in

their representative character on the one side, and their individual character on the other side, and was completely satisfied, and ended when a credit was given for the amount of the purchase money.

If the complainant elects to rest upon this completed transaction, it is not for the executors to complain.

The obligation on which the claim of the complainant rests springs out of the relation of an executor to a legatee, and not out of that of a vendor and vendee of chattels; and it would be a gross abuse of the powers of a Court administrating equity to open transactions of executors closed by their own act, to enable them to make an unconscionable defence, growing out of matters transacted long afterwards.

The appeal is dismissed, and the decree confirmed.

*Moses*, C. J., concurred.